IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CASE NO. 2:09-cr-81-MEF |
| v. ) | |
| ) | (WO—Do Not Publish) |
| DANIEL LAMAR HATCHER ) | |

## **MEMORANDUM OPINION AND ORDER**

This cause is before the Court on Defendant Daniel Lamar Hatcher's ("Hatcher") Motion to Dismiss Indictment (Doc. # 76), filed on March 17, 2010, Supplement to Pending Motion to Dismiss Indictment (Doc. # 83), filed on March 18, 2010, and Second Supplement to Pending Motion to Dismiss Indictment (Doc. # 86), filed on March 19, 2010. The Court held a hearing on the motions on March 22, 2010. Hatcher argues that this Court should dismiss the indictment because the government has violated the discovery requirements set out in *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), Federal Rule of Criminal Procedure 16(a)(1)(E), and this Court's standing order on criminal discovery by failing to disclose material evidence regarding the confidential informant in this case, including the informant's past interactions with law-enforcement officials, other cases in which he has testified, his criminal record, and any benefit he may have received because of his involvement in this or any other criminal case.

A court may dismiss an indictment because of the government's failure to disclose *Brady* evidence only if "(1) the evidence is favorable as exculpatory or impeaching; (2) the evidence was suppressed either willfully or inadvertently; and (3) prejudice resulted." *Pardo v. Sec'y, Fla. Dep't of Corrs.*, 587 F.3d 1093, 1106 (11th Cir. 2009). Assuming that the government had an obligation under *Brady* to disclose this evidence about the confidential informant and that it failed to do so in a timely fashion,[1] the Court finds that the government's conduct did not result in any prejudice to the defendant that has not already been cured by this Court's continuance of the trial in this case.

When an alleged *Brady* violation occurs before the verdict, a court must analyze prejudice by asking whether the government's disclosure of the evidence was too late for the defendant to use the evidence to cross-examine a witness or mount an effective defense at trial. *See United State v. Jordan*, 316 F.3d 1215, 1253 (11th Cir. 2003); *United States v. Beale*, 921 F.3d 1412, 1426 (11th Cir. 1991). Because of the continuance in this case, Hatcher has ample time to prepare for trial.

Hatcher argues, however, that he has been prejudiced by the government's

---

[1] The Court will refer the question of whether Hatcher is entitled to this evidence to the Magistrate Judge assigned to this case.

alleged failure to disclose regardless of his ability to prepare for his trial. He argues that the government's conduct and the continuance in this case will cause him to be held for an even longer period in pretrial custody in a federal-detention facility rather than in the state-detention facility where he is currently serving a state criminal sentence and has access to certain benefits that are not available to him in the federal-detention facility.

The Court does not believe that this constitutes prejudice for two reasons. First, Hatcher is serving a lengthy state criminal sentence, and his continued confinement in pretrial custody does not meaningfully impact his already significantly encumbered liberty interest. Second, that Hatcher will miss out on the benefits of being in state rather than federal custody may be disappointing to him, but that is not the kind of prejudice that the policy of *Brady* is designed to combat. It is sufficient that Hatcher has access to material, favorable evidence with adequate time to prepare for his trial.[2]

Therefore, it is hereby

ORDERED that the motions are DENIED.

---

[2] Further, the Court notes that there is no evidence that the government acted with bad purpose or intended to hide this or any other evidence from Hatcher. The government's conduct would constitute, at most, a inadvertent, technical *Brady* violation.

It is further ORDERED that the motion's request for further discovery is REFERRED to the Magistrate Judge assigned to this case.

DONE this the 23rd day of March, 2010.

                /s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE