IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:09-cr-81-MEF |
| | ) | (WO) |
| DANIEL LAMAR HATCHER | ) | |

**MEMORANDUM OPINION AND ORDER**

On April 20, 2010, following a two-day jury trial, Daniel Hatcher ("Hatcher") was convicted of (1) conspiracy to distribute or possess with intent to distribute crack cocaine in violation of 21 U.S.C. § 846, and (2) distributing and possessing with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Hatcher has now filed a pro se motion for new trial (Doc. #142). For the following reasons, that motion is due to be DENIED.

On October 27, 2008, Montgomery, Alabama police officers, working with a confidential informant ("CI"), attempted to make a "controlled buy" of crack cocaine. Unable to find his initial "target," the police officers told the CI to find another person selling illegal drugs and purchase from him or her. The CI ended up purchasing cocaine from Hatcher. This purchase was captured on video through a small camera affixed to the CI. The CI was given Hatcher's phone number to call if he wanted to make future purchases.

On November 5, 2008, a second "controlled buy" occurred between Hatcher, the CI, and a third party in a car parked at a Dollar General store. Police surrounded the area in

anticipation of an arrest.  Following the exchange of crack cocaine between Hatcher and the CI, police approached the vehicle to make the arrest.  Hatcher got out of the car and attempted to flee, but police were able to apprehend him.

Hatcher now moves for a new trial, alleging ineffective assistance of counsel.  Federal Rule of Criminal Procedure 33 allows a district court to "vacate any judgment and grant a new trial if the interest of justice so requires."  Fed. R. Crim. P. 33(a).  The decision to grant a new trial is within the sound discretion of the trial judge.  *United States v. Champion*, 813 F.2d 1154, 1170 (11th Cir. 1987).

The United States set the standard governing ineffective assistance of counsel claims in *Strickland v. Washington*.  466 U.S. 668 (1984).  The right to counsel includes the right to effective assistance of counsel.  *Williams v. Allen*, 598 F.3d 778, 788 (11th Cir. 2010).  To establish an ineffective assistance of counsel claim, Hatcher must (1) show that his counsel's performance was deficient, and (2) that he was prejudiced by the deficiency.  *Id.*  For counsel's performance to be deficient, it must fall below "reasonableness under prevailing professional norms."  *Id.* (quoting *Wiggins v. Smith*, 539 U.S. 510, 521 (2003)).  To establish prejudice, there must be "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 789 (quoting *Strickland*, 466 U.S. at 694).  The Court must consider the "totality of the evidence" before the judge or jury in evaluating prejudice.  *Id.* (quoting *Brownlee v. Haley*, 306 F.3d 1043, 1060 (11th Cir. 2002) (inner citations omitted)).  Hatcher bears the burden of proof on both

-2-

the deficient performance and the prejudice prong and must prove both prongs to prevail on an ineffective assistance of counsel claim. *Id.*

Hatcher claims that his counsel Donnie Bethel ("Bethel") was deficient. Hatcher previously filed, on September 8, 2009, a pro se motion to remove Bethel as his counsel (Doc. #19). United States Magistrate Judge Susan Walker orally denied this motion at a hearing on September 15, 2009 (*see* Doc. #21). In his motion for new trial, Hatcher claims Bethel provided ineffective assistance of counsel by informing United States Attorney Brandon Essig ("Essig") of the video of the October 27, 2008 drug purchase involving Hatcher. Essig stated at a hearing before this Court that he did now know about the video before Bethel mentioned it. He did not state or imply that law enforcement officers did not know of the video. Hatcher also appears to imply that Bethel provided this information in retaliation for Hatcher's earlier pro se motion to remove Bethel from the case.

The Court need not address whether Hatcher has proved the deficiency prong because he has failed to prove the prejudice prong. Looking to the totality of the evidence, there is not a reasonable probability that the outcome would have been different absent Bethel's allegedly deficient actions. At trial, the CI testified that he had reached an agreement with Hatcher to purchase crack cocaine on the date of Hatcher's arrest at the location where Hatcher was arrested. Three police officers testified for the United States, identifying Hatcher as one of the men in the car in the Dollar General parking lot selling crack cocaine to the CI. An expert witness identified the substance sold as crack cocaine. The only defense

witness—the mother of Hatcher's child—could only testify that Hatcher may have been in the vicinity of the Dollar General to come by her home to see his child.  However, she also testified that she has no idea if he did come by her home on the date of his arrest.  The Court finds that, looking to the totality of the evidence presented at trial, the verdict would have been the same absent video of the prior drug purchase.

For the reasons given above, it is hereby ORDERED that Hatcher's pro se motion for a new trial (Doc. #142) is DENIED.

DONE this the 7th day of May, 2010.


_____/s/ Mark E. Fuller_____
CHIEF UNITED STATES DISTRICT JUDGE