IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:09-cr-81-MEF |
| | ) | (WO) |
| DANIEL LAMAR HATCHER | ) | |

**MEMORANDUM OPINION AND ORDER**

On April 20, 2010, following a two-day jury trial, Daniel Hatcher ("Hatcher") was convicted of (1) conspiracy to distribute or possess with intent to distribute crack cocaine in violation of 21 U.S.C. § 846, and (2) distributing and possessing with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Hatcher timely filed a pro se motion for new trial (Doc. #142) on April 27, 2010, which the Court initially denied in a written order issued on May 7, 2010 (Doc. #144). On May 18, 2010, Hatcher filed a pro se "motion of extending time" (Doc. #147), which the Court construed as a motion for an extension of time to file a notice of appeal and a motion for appointment of new counsel. The Court denied as untimely the motion for an extension of time and set the motion for appointment of new counsel for a hearing at 9:00 a.m. on June 10, 2010, in a written order issued on May 20, 2010 (Doc. #149). Considering the motions before the Court, the assertions made at the hearing, and the totality of the circumstances, the Court has concluded that the motion for new trial and the motion for appointment of new counsel are both due to be GRANTED.

Evidence introduced at trial showed the following: On October 27, 2008, Montgomery, Alabama police officers, working with a confidential informant ("CI"), attempted to make a "controlled buy" of crack cocaine. Unable to find his initial "target," the police officers told the CI to find another person selling illegal drugs and purchase from him or her. The CI ended up purchasing cocaine from Hatcher. This purchase was captured on video through a small camera affixed to the CI. The CI was given Hatcher's phone number to call if he wanted to make future purchases. On November 5, 2008, a second "controlled buy" occurred between Hatcher, the CI, and a third party in a car parked at a Dollar General store. Police surrounded the area in anticipation of an arrest. Following the exchange of crack cocaine between Hatcher and the CI, police approached the vehicle to make the arrest. Hatcher got out of the car and attempted to flee, but police were able to apprehend him.

Hatcher initially filed a pro se motion to remove Donnie Bethel ("Bethel") as his attorney on September 8, 2009 (Doc. #19), prior to his trial, asserting as grounds ineffective assistance of counsel. United States Magistrate Judge Susan Walker orally denied this motion at a hearing on September 15, 2009 (*see* Doc. #21). Hatcher claims that Bethel retaliated against him for filing that pro se motion for new counsel. Specifically, Hatcher claims that Bethel responded by informing United States Attorney Brandon Essig ("Essig") of a video of the October 27, 2008 drug purchase involving Hatcher.

The United States Supreme Court set the standard governing ineffective assistance of

counsel claims in *Strickland v. Washington*. 466 U.S. 668 (1984). The right to counsel includes the right to effective assistance of counsel. *Williams v. Allen*, 598 F.3d 778, 788 (11th Cir. 2010). To establish an ineffective assistance of counsel claim, Hatcher must (1) show that his counsel's performance was deficient, and (2) that he was prejudiced by the deficiency. *Id.* For counsel's performance to be deficient, it must fall below "reasonableness under prevailing professional norms." *Id.* (quoting *Wiggins v. Smith*, 539 U.S. 510, 521 (2003)). To establish prejudice, there must be "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 789 (quoting *Strickland*, 466 U.S. at 694). The Court must consider the "totality of the evidence" before the judge or jury in evaluating prejudice. *Id.* (quoting *Brownlee v. Haley*, 306 F.3d 1043, 1060 (11th Cir. 2002) (inner citations omitted)). Hatcher bears the burden of proof on both the deficient performance and the prejudice prong and must prove both prongs to prevail on an ineffective assistance of counsel claim. *Id.*

Hatcher again fails to prove ineffective assistance of counsel. The Court previously found that Hatcher failed to prove the prejudice prong (*see* Doc. #144). Without altering that finding, the Court now also finds that Hatcher has failed to prove the deficiency prong. Bethel stated at the hearing on June 10, 2010 that Essig had given him notice that the United States planned to introduce at trial any relevant evidence of Hatcher's other crimes, wrong, or acts for purposes other than proving Hatcher acted in conformity with an unlawful character, pursuant to Rule 404(b) of the Federal Rules of Evidence. *See* Fed. R. Evid.

404(b). Bethel said that, as a result of this notice, he "informed" Essig of the video of the October 27, 2008 drug purchase by asking for a copy to review. Given that the same CI performed the "controlled buys" on October 27, 2008 and November 5, 2008—the purchase for which Hatcher was indicted—Bethel reasonably assumed that Essig's notice of prior act evidence implicated the video of the October 27, 2008 purchase. Therefore, Bethel would reasonably wish to review the video in order to mount a defense against that evidence were Essig to produce it at trial. The Court finds that Bethel's communications to Essig do not constitute retaliatory conduct that would implicate the deficiency prong of the *Strickland* standard for ineffective assistance of counsel.

However, Rule 33 of the Federal Rules of Criminal Procedure allows the Court to vacate any judgement and grant a new trial "if the interest of justice so requires." Fed. R. Crim. P. 33(a). The decision to grant a new trial is within the sound discretion of the trial judge. *United States v. Champion*, 813 F.2d 1154, 1170 (11th Cir. 1987). Looking to the totality of the circumstances, the interests of justice require a new trial in this case. The record before the Court and Hatcher's statements demonstrate a highly strained relationship between Hatcher and his counsel, stretching back well before his trial, resulting in a lack of communication. The Court finds that a proper defense was not possible under such circumstances. *See, e.g.*, *U.S. v. Calderon*, 127 F.3d 1314, 1343 (11th Cir. 1997).

For the reasons given above, it is hereby ORDERED that:

1) Upon reconsideration, Hatcher's pro se motion for new trial (Doc. #142) is

-4-

GRANTED. The verdict filed on April 20, 2010 (Doc. #136) is VACATED;

2) The case is set for trial before Chief United States District Judge Mark E. Fuller on the trial term beginning on July 26, 2010 in Montgomery, Alabama. Jury selection is set for Monday, July 26, 2010 at 10:00 a.m. in the United States Courthouse, One Church Street, Montgomery, Alabama, with the trial to begin Monday, August 2, 2010;

3) The Magistrate Judge shall conduct a pretrial conference prior to the July 26, 2010 trial term; and

4) Hatcher's pro se motion for appointment of new counsel (Doc. #147) is GRANTED.

DONE this the 15th day of June, 2010.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE