IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:09-CR-81-WKW |
| | ) | [WO] |
| DANIEL LAMAR HATCHER | ) | |

## **ORDER**

Now before the court is Defendant's filing styled "Motion to Sever the Original 3582(c)(1)(A) from Doc # 384 'Order.'" (Doc. # 386.) For the reasons stated below, the motion is due to be denied.

On December 6, 2021, Defendant filed a *pro se* motion for resentencing. (Doc. # 383.) Defendant's motion requested resentencing based on the Supreme Court's recent decision in *Borden v. United States*, 141 S. Ct. 1817 (2021). A motion to vacate or set aside a sentence imposed by a federal court is brought under 28 U.S.C. § 2255, and a motion under 28 U.S.C. § 2255 must be filed in a separate civil action. Defendant requested resentencing under 18 U.S.C. § 3582(c)(1)(A), but that provision does not apply to claims like Defendant's that attack the validity of the underlying sentence. Therefore, the court issued an order directing the Clerk of the Court to strike Defendant's motion, open a new civil action 28 U.S.C. § 2255, and the docket the same motion in the newly opened civil action. (Doc. # 384.)

Defendant's present motion asks that his first motion be severed from the order. Since nothing would remain in the order if Defendant's motion were exempted, Defendant's present motion must be construed as a motion to vacate or set aside the prior order. Defendant's motion seeks to vacate or set aside the order because a federal prisoner is only permitted to file one motion under 28 U.S.C. § 2255, and any successive motion may not be filed without leave of the United States Court of Appeals. Defendant has recently sought such permission, but the Eleventh Circuit has denied his application. (Doc. # 385.) The claims that Defendant presented to the Eleventh Circuit were substantially the same as the claims that he brought in his motion to vacate or set aside the sentence. (Doc. # 385 at 3.) Therefore, defendant recognizes that he "doesn't have permission to file" the claims that he now brings. (Doc. # 386 at 2.)

The only way that Defendant could obtain relief on his current claim is under 28 U.S.C. § 2255. Therefore, the court properly construed Defendant's motion as arising under 28 U.S.C. § 2255. Whether or not Defendant had permission to file a new 28 U.S.C. § 2255 motion cannot affect that ruling.

It is therefore ORDERED that Defendant's motion (Doc. # 386), CONSTRUED as a motion to vacate or set aside the court's order, is DENIED.

DONE this 4th day of April, 2022.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE